IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMIAH RICHARDSON-EL, ) <br> # M14454, ) <br> ) <br>         Plaintiff, ) <br> ) <br>   vs.            ) <br> ) <br> IDOC, ) <br> BIG MUDDY RIVER ) <br> CORRECTIONAL CENTER, ) <br> DR. LARSON, ) <br> OFFICER BROWN, ) <br> A. WHITE, and ) <br> ZACHARY ROECHEMAN, ) <br> ) <br>         Defendants. ) | Case No. 13-cv-00952-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Jeremiah Richardson-El, an inmate in Dixon Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the conditions of his confinement at Big Muddy River Correctional Center that purportedly lead to a staph infection on two occasions. Plaintiff also takes issue with his related medical care, and efforts by medical personnel to cover-up his diagnosis in an effort to impede his litigation efforts.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

Page **1** of **11**

>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

### The Complaint

According to the complaint, Plaintiff contracted a staph infection on two separate occasions due to the unsanitary conditions of the shower area, which the prison has not remedied, despite numerous complaints.

On July 21, 2011, one of Plaintiff's toes "burst open," causing Plaintiff extreme pain, such that he was barely able to walk.  Plaintiff asked Officer Brown to get him emergency medical care, but Brown did not do so and it took two or three days before Plaintiff received treatment.  Dr. Larson and an unidentified nurse both told Plaintiff he had a staph infection, yet his condition was described as "athlete's foot" in his medical records.  Plaintiff asserts that this falsification of his medical records occurred after Dr. Larson and the nurse learned that Plaintiff was suing the prison over unsanitary conditions, and was an attempt to deprive him of evidence substantiating his claims.

On December 3, 2012, Plaintiff thought he might have been bitten by a spider, because his foot was painful, bleeding and filled with puss.  He asked Officer Brown for medical attention, but Brown declared that Plaintiff's condition did not warrant emergency medical care.  On December 5, 2012, Plaintiff was seen by Nurse A. White, who told him it was a staph infection.  Plaintiff was kept in the Health Care Unit until Dr. Larson was available to see him on December 7, 2012.  Dr. Larson confirmed the staph diagnosis.  However, Plaintiff's medical records were falsified by Dr. Larson to reflect that he had a spider bite, rather than accurately reflecting that he had a staph infection.  Again, Plaintiff attributes the falsification to Dr. Larson's desire to deprive Plaintiff of evidence that would corroborate his grievances and legal claims. And, Plaintiff attributes the second staph infection to the continued unsanitary condition of the shower area.

Plaintiff further contends that the Illinois Department of Corrections ("IDOC"), Big Muddy River Correctional Center, and Warden Roecheman have a constitutional and statutory obligation to provide safe, sanitary conditions of confinement.  Yet, grievances regarding these issues have gone unanswered.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** On July 21, 2011, and December 3, 2012, Defendant Officer Brown was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment;
>
> **Count 2:** Defendants Nurse A. White and Dr. Larson falsified Plaintiff's medical records in retaliation for his attempts to secure redress of his grievances, and in an effort to deprive him of evidence, in violation of Plaintiff's rights under the First and Fourteenth Amendments; and
>
> **Count 3:** Defendants IDOC, Big Muddy River Correctional Center and Warden Zachary Roecheman subjected Plaintiff to unsanitary conditions of confinement in violation of the Eighth Amendment, and they did not respond toPlaintiff's grievance(s) regarding the conditions, thereby denying him due process under the Fourteenth Amendment.[1]

## Discussion

**Count 1**

The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation and physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992).

---

[1] Plaintiff does not specifically contend that his infections were not properly treated by Dr. Larson and Nurse White; rather, he takes issue with the falsification of his medical records as a way of sabotaging his grievances and/or lawsuits. (*See* Doc. 1, p. 6). Therefore, the Court does not perceive an Eighth Amendment claim against Larson and White.

Prison officials violate this proscription when they act with deliberate indifference to the serious medical needs of an inmate. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994); *Estelle v. Gamble,* 429 U.S. (1976). To succeed on a deliberate indifference claim, a plaintiff must (1) demonstrate that his medical condition is "objectively, sufficiently serious," and (2) demonstrate that the defendant acted with a "sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834 (internal quotation marks omitted); *see also Holloway v. Delaware County Sheriff,* 700 F.3d 1063, 1072 (7th Cir. 2012). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy,* 593 F.3d 610, 620 (7th Cir. 2010).

Plaintiff's pain and infection on both occasions appear to constitute an obviously serious medical need that was intentionally ignored by Officer Brown, leaving Plaintiff in pain and without care for days. Therefore, Count 1 shall proceed against Defendant Officer Brown.

**Count 2**

Count 2 pertains to the allegations that Dr. Larson and Nurse A. White learned that Plaintiff was pursuing grievances and/or legal action regarding the conditions of confinement and they falsified Plaintiff's medical records, omitting the staph infection diagnoses, in retaliation and in an effort to deny Plaintiff evidence.

In order to assert a Fourteenth Amendment due process claim, a plaintiff must demonstrate: (1) state deprivation of a constitutionally protected liberty or property interest; and (2) the absence of notice and an opportunity to be heard. *See Mathews v. Eldridge,* 424 U.S. 319, 332–33 (1976). Plaintiff has no constitutional right to accurate medical records, and inaccurate medical records do not impede his right to be *heard*. Therefore, the complaint fails to

state a viable due process claim. Nevertheless, the Court recognizes a different colorable constitutional claim.

Lawsuits and grievances are activities seeking redress of grievances and are protected under the First Amendment. *Dobbey v. Illinois Dept. of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009). It is alleged that Dr. Larson and Nurse A. White were motivated to impede Plaintiff's efforts to pursue grievances and/or legal action. Therefore, Count 2 shall proceed as a First Amendment claim.

**Count 3**

Count 3 alleges that Defendants IDOC, Big Muddy River Correctional Center and Warden Zachary Roecheman subjected Plaintiff to unsanitary conditions of confinement in violation of the Eighth Amendment, and they did not respond to Plaintiff's grievance(s) regarding the conditions, thereby denying him due process under the Fourteenth Amendment.

In *Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005), the Supreme Court recognized a difference between conditions of confinement claims that implicate the Eighth Amendment and those that trigger Fourteenth Amendment due process protection because they impose an atypical and significant hardship relative to the ordinary incidents of prison life. *See also Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006). The unsanitary shower area described in the complaint endangers Plaintiff's health and safety and, therefore, is of a magnitude that would fall within the ambit of Eighth Amendment protection. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1995). However, the conditions are a part of ordinary prison life and are not of such a long duration[2] that the Due Process Clause is implicated. "[E]ven extremely harsh prison conditions

---

[2] The complaint describes two separate incidents over an 18-month long period. There is nothing suggesting that during the time between incidents the shower conditions were such that staph was prevalent. Therefore, the Court does not perceive any condition of confinement that would fit the rare circumstances where the Fourteenth Amendment would be implicated.

may not be so "atypical" as to create the liberty interest the [Supreme] Court contemplated." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (finding that conditions of confinement implicated the Eighth Amendment, but not the Fourteenth Amendment). In any event, the complaint fails to implicate any of the Defendants and Count 3 must be dismissed with prejudice.

With respect to the IDOC and Big Muddy River Correctional Center, the Eleventh Amendment bars suits against an unconsenting state—including its agencies and officers in their official capacities—for monetary damages. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Administration*, 603 F.3d 365, 370 (7th Cir. 2010). The complaint seeks only compensatory and punitive damages (Doc. 1, p. 10).

"[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). However, "[s]upervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement). The complaint asserts that Warden Roecheman is, by the nature of his position, responsible for the conditions of confinement at Big Muddy River Correctional Center (Doc. 1, p. 8)—that is the very essence of the *respondeat*

*superior* doctrine. The only other suggested link between Roecheman and the conditions of confinement is that Plaintiff's grievance was denied. Ruling against a prisoner's administrative grievance does not, by itself, cause or contribute to the constitutional violation. *George v. Smith*, 507 F.3d 605-609-10 (7th Cir. 2007).

### Pending Motion

Also before the Court is Plaintiff's motion for service of summons and the complaint at government expense (Doc. 4). Because Plaintiff was granted leave to proceed as a pauper (Doc. 9), and in accord with 28 U.S.C. § 1915(d), Plaintiff's motion (Doc. 4) shall be granted.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Stephen C. Williams for further consideration.

### Disposition

**IT IS HEREBY ORDERED** that the Fourteenth Amendment due process claim within **COUNT 2** is dismissed with prejudice, but the First Amendment claim in Count 2 shall proceed against Defendants **DR. LARSON** and **NURSE A. WHITE**.

**IT IS FURTHER ORDERED** that **COUNT 3** fails to state a claim upon which relief can be granted, and thus is **DISMISSED** with prejudice; accordingly, Defendants **IDOC**, **BIG MUDDY RIVER CORRECTIONAL CENTER** and **ZACHARY ROECHEMAN** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Count 1 shall proceed against Defendant **OFFICER BROWN**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of summons and the complaint at government expense (Doc. 4) is **GRANTED**.

The Clerk of Court shall prepare for Defendants **OFFICER BROWN**, **DR. LARSON** and **NURSE A. WHITE**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action, including Plaintiff's motion for recruitment of counsel (Doc. 3) is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 15, 2013**

                                            s/ *Michael J. Reagan*
                                            **MICHAEL J. REAGAN**
                                            **UNITED STATES DISTRICT JUDGE**